# MÉMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

ARIES P. BROOKE AND OTHERS, RESPONDENTS, *v.* B. F.
SAYLOR AND OTHERS, DEFENDANTS.

WALTER T. BRADLEY, APPELLANT, *v.* THE SAME,
DEFENDANTS.

*Service of summons by publication — effect of omitting to name the defendants to be so
served in the order directing the publication.*

APPEAL from an order denying a motion to vacate an attachment.

The first of the above entitled actions was brought to recover the sum of $101.50 from the defendants for goods sold and delivered. A warrant of attachment against the property of the defendant firm was issued November 30, 1886. Service of summons and complaint was made December 2, 1886, upon R. E. Springer, one of the firm, as and for service upon the firm pursuant to an order for publication. The attachment of Bradley was not obtained until December 20, 1886, and the attachment of the senior attaching creditor was not attacked by him until January 31, 1887, when he procured an order to show cause. The order for publication was defective in that the name of the defendants to whom the copy of the summons and complaint was to be sent were not stated, this clause of the order reading as follows: " And it is further ordered and directed that on or before the day of the first publication, as aforesaid, if service be made by publication, the plaintiffs deposit in the post office in New York city a copy of the summons and complaint hereto annexed and of this order, contained in a securely closed post-paid wrapper, and addressed to                    at Royersford, Pennsylvania."

The court at General Term said: " We think the order of publication objected to in this case was, in form and substance, a

substantial compliance with section 440 of the Code. Although the name of the defendants was omitted, yet the direction was to serve the summons and complaint by publication, and that a deposit be made of those papers and of the order in a securely closed post-paid wrapper, and addressed at Royersford, Pennsylvania, thus clearly indicating that it was to be addressed to the defendants, upon whom, and upon whom only, it was necessary to serve a copy of the papers, and who, in an earlier portion of the order, are stated to reside or to do business in or about the place named. A substantial compliance with the requirements of the Code is all that is necessary to give validity to a proceeding under the section mentioned. (See *Green* v. *Squires*, 20 Hun, 15; *Weil* v. *Martin*, 24 id., 645.) The case of *Ritten* v. *Griffith* (16 Hun, 454), though it may seem to be in conflict with the view expressed, is not, for the reason that in that case the order simply directed that the summons, with a copy of the complaint and order, should be served upon the defendant personally without the State, and it was for that reason held to be void. There was an entire omission of compliance with all the provisions of the Code with regard to publication and the service by publication as required by section 440. The option of service by publication or by personal delivery was not preserved by that order, and not alluded to in any way, and it was defective in a very important element therefore; but as we have already seen in the case at bar, constructively the service by publication was so directed that there can be no mistake whatever in the construction or interpretation of the order in regard to it. But although we deem it our duty to affirm the order, we think the respondent should not have costs because of the negligence of the attorney."

*A. W. Otis*, for the appellant.

*C. S. Clark*, for the respondent.

Opinion *Per Curiam*.

Present — VAN BRUNT, P. J., BRADY and DANIELS, JJ.

Order affirmed, without costs.